CHARLES BRIGHAM v. THEOPHILUS MOSSEAUX, and C. J. S. SCOTT,
Trustee.

Where a judgment by default was rendered by a justice of the peace, and an action of debt upon that judgment came to the county court by appeal and was there pending, and then the judgment by default was vacated by the county court, upon due petition, and the original suit, in which the judgment by default was rendered, was brought upon the docket of the county court, and was pending in court at the same time with the action of debt upon the judgment, it was held, that the two suits were not identical, so that they could be consolidated, but that the county court might properly order the latter suit discontinued, and allow the defendant in that suit one cent costs, leaving the balance of the costs to abide the event of the original suit.

But there having been a trustee summoned in the suit thus ordered to be discontinued, he was discharged with costs, without disclosure.

DEBT upon a judgment by default, rendered by one Hale, a justice of the peace, September 26, 1843, in a suit in favor of the plaintiff against the defendant, in which suit C. J. S. Scott was also summoned as trustee. This suit was commenced before one Tracy, a justice of the peace, and judgment was rendered in favor of the plaintiff, and the suit then came, by appeal, to the county court, June Term, 1844, and was continued from term to term. At the June Term, 1845, Mosseaux entered in the county court his petition, founded on the Revised Statutes, chap. 33, sec. 8, for the purpose of vacating the judgment rendered against him by justice Hale, and the judgment was vacated, on hearing, which decision was affirmed by the supreme court, and at the June Term, 1847, the original suit was entered upon the docket of the county court, as a distinct entry. And the two cases remained upon the docket until the December Term, 1847, when the plaintiff moved that the court order that the two suits be consolidated, and that the trustee, Scott, be ordered to answer to the same, as trustee, and that all costs of the principal debtor and trustee should abide the final event of the suit.

But the county court,—REDFIELD, J., presiding,—ordered this suit to be discontinued, and the trustee to be discharged without disclosure, and allowed to the trustee his costs, taxed at $27,15;—

to all which the plaintiff excepted;—and the court allowed the defendant one cent cost, and ordered, that the balance abide the final event of the original suit, brought upon the docket of the county court by petition, as above mentioned;—to which the defendant excepted.

*C. B. Leslie* and *Hebard & Steele* for plaintiff.

*A. Underwood* for defendant.

The opinion of the court was delivered by

REDFIELD, J. There are reserved, by the two bills of exceptions in this case, two questions of some importance in practice.

Were the two suits identical, or were they so far distinct, that they could not properly be consolidated? We think they were clearly distinct suits, so that they could not, with any reasonable regard to good practice, have been consolidated. One was the original suit, which was at first defaulted before the justice, brought into this court by petition. The other was an action of debt, brought upon the first judgment, obtained by default. So that the actions could not properly be esteemed identical. But after the first judgment was set aside by petition, the second suit became entirely useless; for whatever might be the event of the litigation in the first suit, the judgment upon which the second was predicated was gone, and that judgment could never be restored.

It was proper, then, that the second suit should be discontinued; and it seems to be a case, in which costs should be made to abide the result of the litigation. By the express terms of the statute, when a plaintiff discontinues his suit, the court are to award the defendant costs,—but they are to be " reasonable costs," of which the court must judge.

Judgment affirmed.